The opinion of the Court was drawn up by
Davis, J.
The claimant in this case appealed from the decree of the Police Court, in the city of Bangor, by which the liquors in controversy were declared forfeited. He had been arrested for having them in his possession unlawfully, and had been acquitted upon his trial. Upon the liquors being libelled by the officer, he claimed & portion of them as his own property, and they were restored to him. A portion of them he claimed as in his custody for storage, for which he had a lien upon them; and these were condemned.
When the case was tried in this Court, the jury were instructed that any lien of the claimant as a warehouseman would not affect the liability of the liquors to forfeiture; and that if the liquors were intended by the owners, when they should reach their destination, for unlawful sale in this State, they were liable to forfeiture, though the claimant, who had the custody of them, had no unlawful intent.
To these instructions exceptions were taken by the claimant.
The question in regard to the lien of the claimant seems to have been abandoned in the argument. It would be strange, certainly, if the express provisions of a criminal statute could be nullified by the lien of a carrier, warehouse keeper, or other bailee. A bailee can acquire no better ti- *514 tie, than that of the bailor. If the latter is a tortfeasor, the former has no lien upon the goods. Robinson v. Baker, 5 Cush., 137; Clark v. Railroad Company, 4 Allen, 231. The bailor can confer no rights superior to his own. A liability to forfeiture for his unlawful acts relating to the goods, under state or national laws, annihilates all rights in him, or under him, as against the government, in any legal proceeding for such forfeiture.
The other questions raised have been argued with great ability, and require a careful consideration.
The statute provides various penalties for selling intoxicating liquors, according to the circumstances under which they are sold. With these provisions we have nothing to do in the present case.
Section 12 prohibits any person from depositing, or "having in his possession, any intoxicating liquors, (1) with intent to sell the same (himself) in this State in violation of law, or (2) with intent that the same shall be so sold by any (other) person, or (3) with intent to aid or assist any person in such sale thereof.”
When a person is on trial, for a violation of, section 12, he cannot be convicted unless he is proved to have had the possession of the liquors, with the unlawful intent, within oiie of the three clauses embraced in it.- Such intent, by him, must be charged in the complaint. State v. Larnerd, 47 Maine, 426.
It is contended, that he cannot be convicted unless he has the liquors in his actual possession. The counsel for the claimant makes two propositions (1,) that, in order to render liquors liable to forfeiture, there must be an unlawful intent, "accompanied by the actual possession of the liquors;” — (2,) that such intent of the person having actual possession renders such liquors liable to forfeiture, "whoever may be the owner of them.”
Whether the person can be convicted, is one question; whether the liquors are forfeited, is another, and entirely •different question. State v. Miller & al., 48 Maine, 576. *515 Tlio counsel for the claimant confounds them. We shall consider them separately.
The proposition that there can be no unlawful intent, without actual possession, is at variance with the most familiar principles of law. That a person does himself, what he does by a servant or agent, is not a legal fiction, but a fact, which has almost universal application, in civil, as well as in criminal matters. The possession of the servant or agent, is the possession of the principal. There is no branch of jurisprudence in which this rule is not applied. And the statute under consideration, instead of being any exception, expressly recognizes the rule. A person may not only have the unlawful intent, he may be guilty of the unlawful act, without having actual, personal possession of the liquors. "If any person, by himself, clerk, servant or agent, shall sell, &e.,” § 7. As a person may be convicted of selling liquors, himself, upon evidence of a sale by his agent, so he may be convicted of having them in his possession, with intent to sell, though they are in the possession and custody of his agent, lie, the owner, intending to sell the same, either by himself, or by his agent. To "deposit ” liquors is to put them into some warehouse, shop or other place. To "keep” them is to have possession of them. The words are intended to embrace every possible case. All liquors are deposited and kept; and, if within this State, they are within these terms of the statute. And it is entirely immaterial whether the owner does the depositing and keeping himself, personally, or employs a carrier, warehouseman, or other agent, to do it. The innocence of the agent will protect him, personally, from punishment; but it will not save tbe liquors from forfeiture, if the oioner has tbe unlawful intent. Tf the liquors are in the possession of an agent, both he and the owner may he convicted, if both have the unlawful intent. If the agent has no unlawful intent, he cannot be convicted; but the owner, if known, may he.
In addition to these provisions respecting the person of *516 one having intoxicating liquors in his possession with an unlawful intent, section 13 provides that all such liquors shall be declared "contraband and forfeited;” or rather it "declares” them contraband and forfeited. So that the only matters left for judicial determination, in any case, are, (1,) whether the liquors, when seized, were "within this State,” and (2,) whether they were "intended for unlawful sale in this State.” When these facts are found by the Coui't, then the liquors are forfeited by operation of law.
It is quite true, as the counsel for the claimant has argued, that if one, not the owner, obtains possession of liquors wrongfully, his intent to sell them will not render them liable to forfeiture, if such owner is innocent, and claims them, in case of seizure. The unlawful intent must.be that of the owner, or of his clerk, servant, or agent, or of some one having possession by his consent.
To carry the law into effect, provision is made for a process inrem.
The Legislature might have provided for this by proceedings analogous to those in the courts of the United States, when goods are seized for being imported in violation of the revenue laws. In that case no proceeding against the person would have been necessary.
But no provision is made by the statute for a libel as an original proceeding. The liquors must first be seized. Whether a complaint could be made, charging no person by name with any unlawful intent, and a warrant be issued that would authorize the seizure of liquors without requiring any arrest, we need not now determine. That the statute authorizes, if it does not require, the usual process against both the person, and the thing, is not denied.
But from this point the proceedings' immediately diverge into two channels.
The officer seizes the liquors, and libels them, as forfeited under the thirteenth section.
He arrests the person, and he is put on trial, under the twelfth section.
*517 The proceedings in the two matters are entirely distinct. The result in one is not affected at all by the other. The charge in the libel is different from that in the complaint. The evidence upon the trial must be different. If tried by a jury, the verdict must be different. Though the liquors are forfeited, the person may be acquitted. State v. Miller, 48 Maine, 576.
"When liquors, that have been seized and libelled, are claimed by any person, his claim cannot be allowed unless it appears " that he is entitled to the custody thereof,” Sec. 16. This cannot appear, unless he is the owner, or an agent of the owner. As a mere stranger he can have no right of custody.
If the claimant in the case before us is not the owner, and the liquors were intended for unlawful sale by the owners, then he is placed in one of two positions, either of which is fatal to his claim.
1. If he was the agent of the owners, then his possession was the possession of the owners, and the liquors are liable to forfeiture, the jury having found that they were intended for unlawful sale.
2. If he was not the agent of the owners, then he is a mere stranger, and is not entitled to the custody of the liquors. He has no rights to be protected.
But the claimant was the agent of the owners. He claims no title, except as a warehouseman. The liquors were in this State. If the owners intended to sell them in this State, in violation of law, after they should reach their destination, they wore liable to forfeiture. The instructions were correct.

The exceptions and motion must he overruled.

Tenney, C. J., Appleton, Cutting, Goobenow and Kent, J.J., concurred.